UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 21-20521

CHARLES NOEL GREEN,

    Defendant.
                                                   /

**OPINION AND ORDER DENYING DEFENDANT'S RENEWED
MOTION FOR REVOCATION OF DETENTION ORDER**

Defendant Charles Green was arrested on July 27, 2021 and was charged with one count for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 23, PageID.72; ECF No. 13, PageID.25.) He entered a guilty plea on November 30, 2021 and is currently scheduled to be sentenced on March 29, 2022. After pleading guilty, Defendant, who has been detained since his arrest, filed a renewed motion requesting that he be released on bond pending sentencing before this court. (ECF No. 30.) Because Defendant remains both a flight risk and a danger to the community, the court will deny this motion.

**I.    BACKGROUND**

When Detroit police officers stopped a Chevy Impala for driving with a defective headlight on May 17, 2021, Defendant immediately exited the vehicle and fled through a neighborhood with the grip of a handgun visible in his waistband. (ECF No. 1, PageID.3.) Officers eventually caught Defendant hiding in a nearby shed and recovered

a handgun he discarded while feeling. (*Id.*) After Defendant was arrested for the present charge, Magistrate Judge David Grand held an initial detention hearing on July 28, 2021. Magistrate Judge Grand concluded that Defendant's "past history and characteristics show he poses a substantial risk of non-appearance posed a substantial flight risk justifying pre-trial detention." (ECF No. 11, PageID.19.)

In addition to discussing the circumstances surrounding the firearms charge, Magistrate Judge Grand provided this summary of Defendant's troubling conduct:

> In July 2018, Green pled guilty to breaking and entering. He received a sentence of probation. But only a few months later, in November 2018, he violated it by failing to report, failing to perform community service, and failing to pay court costs/fees. He again failed to report in December 2018. He was then in "absconder" status, and failed to return his probation officer's voicemail messages. In April 2019, Green was sitting in a truck outside the Probation Office. He was broadcasting on Facebook Live while holding a firearm and mocking his location. His Probation Officer happened to be checking Green's social media, saw the livestream, and sent authorities outside the building to confront Green, resulting in his arrest. In June 2019, Green plead guilty to carrying a concealed weapon related to that matter. He was sentenced to six months in jail followed by two years of probation. He violated that probation by going to Kentucky without permission. Worse, while he was there he was arrested and charged with a drug crime. He also failed to report to probation in December 2020, and has been in absconder status since that time.

(*Id.*)

Defendant filed his initial "Motion to Revoke Order of Pretrial Detention" in September 2021. (ECF No. 18.) The government opposed the motion. Thereafter, the court held a hearing on September 30, 2021, and denied the motion on the record, finding that Defendant was both a flight risk and a danger to the community.

Defendant has now filed a renewed motion arguing that the circumstances surrounding his detention have materially changed because "his guilty plea demonstrates his acceptance of responsibility for his offense conduct." (ECF No. 30,

PageID.111-12.) The government has filed a response opposing the new motion. (ECF No. 31.)

## II.  STANDARD

Release pending sentencing or appeal is governed by 18 U.S.C. § 3143. Section 3143(a) provides that a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."

## III. DISCUSSION

The court finds that Defendant continues to be both a flight risk and a danger to the community justifying his continued detention under 18 U.S.C. § 3143. First, Defendant has demonstrated he is a flight risk because he failed to report to probation on at least three occasions. In 2019 he fled out of state to abscond from probation while possessing narcotics. His recent criminal conduct has also demonstrated that he is a danger to the community. Defendant has continued to possess a firearm while on probation—even going so far as to stream his behavior on Facebook Live. During the most recent incident, Defendant led officers on a foot chase through a neighborhood and attempted to abandon his loaded firearm in a backyard where anyone, including a child, could have found it. (*See* ECF No. 1, PageID.3.)

Defendant contends his guilty plea and acceptance of responsibility in the present case shows that this pattern of behavior has changed of late, but the court is not convinced. Defendant's criminal history evinces a pattern of pleading guilty to a

crime then soon after violating his probation and engaging in further criminal conduct. (*See* ECF No. 26, PageID.91.) While Defendant is correct that he has not recently possessed loaded firearms or assaulted anyone, that is because he has been incarnated for approximately the last six months. Consequently, the court assigns little weight to this fact.

## IV. CONCLUSION

For the reasons stated above, the finds that Defendant shall not be released on bond before his sentencing. Accordingly,

IT IS ORDERED that the Defendant's "Defendant's Renewed Motion to Revoke Order of Pretrial Detention" (ECF No. 30) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 16, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\21-20521.GREEN.DenyReleaseFromDetention.AAB.docx